#### CHEW ET AL *vs.* FLINT, CURATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

Whenever any *change* is made in a judgment of the Supreme Court, before it becomes final, even in correcting its phraseology, either of the parties have three judicial days within which to present a petition for a re-hearing.

After a change or correction is made in a judgment, not already final, it does not become so until the lapse of three judicial days afterwards, and until then no mandate can issue.

This case was before the court at the October term, 1834. 7 *Louisiana Reports*, 395.

When the mandate was sent down to the Court of Probates, the defendant made opposition to its being entered as the judgment of the court, on the following grounds :

*First.* The judgment of the Supreme Court, as set forth in said mandate, is not final, because a motion for a re-hearing was regularly filed by the defendant within the three days prescribed by law, which has not been acted on by the Supreme Court.

*Second.* The judgment of the Supreme Court, as set forth in the mandate, is not legal and valid, another and a different judgment having been regularly rendered by said court, and entered on its records, prior in date to the one set forth

'in the mandate, which said first judgment has never been legally or properly altered, and it is the only legal and valid judgment ever rendered by the Supreme Court in the cause.

The defendant and opponent then prays, that said mandate be rejected and not acted on by the court.

. The plaintiff's counsel denied the right of the defendant to file a petition, as three judicial days had elapsed from the time judgment was first rendered and the adjournment of the court; that the judgment was final and should be carried into execution.

The probate judge was of opinion, that by the alteration or correction made in the judgment, it only dated from that time; and the court having adjourned that day, it was not final, and that the petition for a re-hearing was in time. From judgment, rejecting the mandate, the plaintiffs appealed.

*Winn*, for the plaintiffs.

*Dunbar* and *Flint*, contra.

*Martin, J.* delivered the opinion of the court.

This is a case of a mandate issued by the clerk of this court, and sent to be entered as the judgment of the Court of Probates.

The facts show, that judgment was rendered in this court against the defendant, as curator of an estate, on the 20th of October, 1834, and that a trifling amendment was made thereto, on the application of the adverse party, on the 23d of the same month. Court having adjourned soon afterwards, this was the third and last judicial day after the rendition of the judgment. On the 24th of October, and the day after the adjournment of the court, the defendant filed with the clerk his petition for a re-hearing. Notwithstanding this, the opposite party obtained from the clerk a mandate for the execution of the judgment.

The curator resisted the mandate, and made a successful opposition to the execution of the judgment, on the ground

Whenever any change is made in a judgment of the ~ Supreme Court, before it becomes final,

WESTERN DIST.
October, 1836.

After a change
or correction is
made in a judg-
ment, not alrea-
dy final, it does
not become so
until the lapse of
three judicial
days afterwards,
and until then no
mandate can is-
sue.

that it was not final, *three* judicial days not having elapsed since its rendition. From the judgment of the Court of Probates, sustaining this opposition, the plaintiffs have appealed.

It appears to us, that the Court of Probates correctly refused its aid to the execution of the judgment of this court, under the circumstances of the case.

Whenever any, even the least change, is made in a judgment of this court, either of the parties thereto has the privilege, until three judicial days have elapsed since the alteration was made, to show, by a petition for a re-hearing, that he is injured thereby. Until the expiration of these three judicial days the judgment does not become final. The mandate, in this case, was consequently, prematurely issued.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be affirmed, with costs.